Dear Mr. Cantor:
On behalf of the City of Hollywood, you ask substantially the following question:
May a municipal police department enforce state traffic laws on private roadways within a gated community when the private community has entered into a traffic control agreement with the municipality pursuant to section 316.006(2), Florida Statutes?
In sum:
A municipal police department may enforce state traffic laws, including speed limits prescribed in sections 316.183 and 316.189, Florida Statutes, on private roads within a gated community when the private community has entered into a traffic control agreement with the municipality pursuant to section 316.006(2), Florida Statutes.
Section 316.006(2)(b), Florida Statutes, states:
A municipality may exercise jurisdiction over any private road or roads, or over any limited access road or roads owned or controlled by a special district, located within its boundaries if the municipality and party or parties owning or controlling such road or roads provide, by written agreement approved by the governing body of the municipality, for municipal traffic control jurisdiction over the road or roads encompassed by such agreement. Pursuant thereto:
"1. Provision for reimbursement for actual costs of traffic control and enforcement and for liability insurance and indemnification by the party or parties, and such other terms as are mutually agreeable, may be included in such an agreement.
2. The exercise of jurisdiction provided for herein shall be inaddition to jurisdictional authority presently exercised bymunicipalities under law, and nothing in this paragraph shall beconstrued to limit or remove any such jurisdictional authority. Such jurisdiction includes regulation of access to such road or roads by security devices or personnel.
3. Any such agreement may provide for the installation of multiparty stop signs by the parties controlling the roads covered by the agreement if a determination is made by such parties that the signage will enhance traffic safety. Multiparty stop signs must conform to the manual and specifications of the Department of Transportation; however, minimum traffic volumes may not be required for the installation of such signage. Enforcement for the signs shall be as provided in s. 316.123.
4. The board of directors of a homeowners' association as defined in chapter 720 may, by majority vote, elect to have state traffic laws enforced by local law enforcement agencies on private roads that are controlled by the association." (e.s.)
Section 316.640, Florida Statutes, directs the enforcement of the traffic laws, stating in subsection (3) that in municipalities:
"(a) The police department of each chartered municipality shall enforce the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle. In addition, the policedepartment may be required by a municipality to enforce the traffic lawsof this state on any private or limited access road or roads over whichthe municipality has jurisdiction pursuant to a written agreemententered into under s. 316.006(2)(b). . . ." (e.s.)
The plain language of the statutes vests the city with jurisdiction to enforce the traffic laws of this state on a private road, regardless of the public's right to travel thereon, if the owner of the private road enters into an agreement with the city pursuant to the conditions stated therein. The statute further states that nothing contained therein should be construed to limit or remove the city's jurisdictional authority. When there is an agreement between the city and the private community for enforcement of the traffic laws upon the roads owned by the private community, this office has found no limitation on the jurisdiction of the city's law enforcement agency to enforce the provisions of Chapter 316, Florida Statutes, on such roads.[1]
You express concern about the enforcement of speed limits established under sections 316.183 and 316.189, Florida Statutes. Section 316.183, Florida Statutes, addresses unlawful speed "on a highway" and specifically provides for the maximum speed limit of 30 miles per hour in business and residential areas. The statute further provides that a county or municipality may "set a maximum speed limit of 20 or 25 miles per hour on local streets and highways after an investigation determines that such a limit is reasonable."[2] (e.s.) Section 316.189(1), Florida Statutes, provides for the establishment of a maximum speed limit of 30 miles per hour within a municipality, with a provision identical to the one in section 316.183, Florida Statutes, for reducing the maximum speed limit to 20 or 25 miles per hour on local streets and highways after an investigation deems it reasonable.[3]
For purposes of Chapter 316, "street or highway" includes:
"The entire width between the boundary lines of any privately ownedway or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district,whenever, by written agreement entered into under s. 316.006(2)(b) or(3)(b), a county or municipality exercises traffic control jurisdictionover said way or place."[4] (e.s.)
Thus, the statute acknowledges that "streets and highways" may include privately owned ways or places, when by written agreement pursuant to section 316.006(2)(b), Florida Statutes, a county or municipality exercises traffic control jurisdiction over such ways or places. Nothing in Chapter 316, Florida Statutes, appears to exclude or otherwise limit the application of the provisions in sections 316.183 and 316.189, Florida Statutes, on private roads subject to such an agreement.
Accordingly, it is my opinion that the traffic laws contained in Chapter 316, Florida Statutes, may be enforced by a municipal police department on private roads located within the municipality when there is a written agreement between the owner of the private road and the municipality as prescribed in section 316.006(2)(b), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See, e.g., Ops. Att'y Gen. Fla. 90-68 (1990) (no authority to enforce Ch. 316, Fla. Stat., exists on private roads located within a private development or over roads or streets within a special taxing district where such byways are not available for public use, absent a written agreement entered into pursuant to s. 316.006[2][b], Fla. Stat.) and 88-05 (1988) (municipal police department may enforce the Florida Uniform Traffic Control Law on private property where the public has the right to travel by motor vehicle and on private roads or other limited access roads owned or controlled by a special district when such roads are within municipal boundaries and a written agreement has been entered into by the parties pursuant to s. 316.006[2][b], Fla. Stat.).
[2] Section 316.183(2), Fla. Stat.
[3] See also s. 316.008(1)(j), Fla. Stat., stating that the provisions of Chapter 316 do not prevent local authorities, with respect to streets and highways under their jurisdiction, from "[a]ltering or establishing speed limits within the provisions of this chapter."
[4] Section 316.003(53)(b), Fla. Stat.